HERB SMITH, *Respondent,* v. M. YAMASHITA, *Appellant.*[1]

*Thomas Masuda* and *Harry Takagi,* for appellant.

*J. A. Rokes,* for respondent.

BEALS, J.—In his complaint, plaintiff alleged that, during the spring of 1938, he purchased from the defendant fifty cases of unbroken seed oysters, to be planted by defendant on oyster land in Skagit county, upon which plaintiff desired to harvest a crop of oysters. The complaint alleged that, as part of the agreement between the parties, defendant agreed that the seed oysters, when received and planted, would be in good condition, alive, and fit for planting, and would be properly planted, but that, when the seed oysters were planted, they "were in fact dead and unfit for planting, and by reason of that fact, failed to make any yield whatever." Plaintiff asked for damages in the sum of $196, which he paid for the seed oysters, to-

[1]Reported in 123 P. (2d) 340.

gether with the further sum of $870, by way of loss of profits.

By his answer, defendant admitted the sale of the seed oysters to plaintiff, but denied the other allegations of the complaint, pleading by way of an affirmative defense that in his dealings with plaintiff defendant acted as agent for an export association of Tokyo, Japan.

The affirmative defense having been denied by reply, the action was tried by the court sitting without a jury, and resulted in findings of fact and conclusions of law in plaintiff's favor, followed by a judgment for plaintiff and against defendant in the sum of $196, together with interest thereon at the rate of six per cent per annum from April 30, 1938. This judgment was for the amount of money paid by plaintiff to defendant for the seed oysters, together with interest on that amount from the date of payment, the court refusing to award plaintiff any judgment for damages on account of loss of profits, loss of use of the land, or for any other items.

From this judgment, defendant has appealed, assigning error upon the court's finding that, at the time of delivery and planting of the seed oysters, they were not alive, in good condition, and fit for planting, and therefore failed to yield any crop. Appellant also assigns error upon the entry of judgment against him.

Appellant did not deny that certain representations or guarantees were made by him as to the condition of the seed oysters which he sold to respondent. Appellant stated that this guarantee was to the effect that there were ten thousand spat, as the seed oysters were called, in each case of seed oysters, averaging about fifteen spat per shell. Appellant does not deny that there was no crop of oysters, but he did contend that the fault was not with the seed which he sold to re-

spondent and planted. Appellant contends that respondent failed to prove by a preponderance of the evidence that the failure of the oyster crop was due to any defect in the seed oysters.

The seed oysters sold to respondent were from a quantity imported by appellant from Japan, were never seen by respondent, and were planted by appellant's agents. The seed oysters are attached to oyster shells, and such shells were found on the land in question, but, when examined not long after the planting, only a negligible quantity of live oysters were found.

It is admitted the starfish attack young oysters, and some evidence was introduced to the effect that starfish may have eaten the seed planted on the land controlled by respondent. It is admitted that no oysters grew to maturity upon respondent's land.

Appellant contends that the record contains no more than a mere scintilla of evidence in support of respondent's contention that the seed oysters sold him by appellant were either dead or not in good condition and fit for planting, and therefore failed to mature. In this connection, appellant cites the case of *Thomson v. Virginia Mason Hospital*, 152 Wash. 297, 277 Pac. 691, in which this court, discussing the scintilla of evidence rule, said:

"But, before passing to a discussion of the evidence, it may be well again to call attention to our rule with reference to the character of evidence necessary to establish the affirmative of an issue. We have long since held that a scintilla of evidence, as these terms are commonly defined, is not sufficient for that purpose; that, on a question of fact, before the trier of the fact is warranted in finding the fact established, there must be substantial evidence in its support. This does not mean that the fact sought to be established must be supported by direct evidence, or mean that it may not be established by the proof of facts from which the fact sought to be established is necessarily or reason-

ably inferred, but it does mean that a disputed question of fact, by whatever character of evidence it is sought to be proven, must have in its support that character of evidence which would convince an unprejudiced thinking mind of the truth of the fact, before it can be said to be established."

Other cases are cited to the same effect.

While the evidence is in dispute, respondent's contentions are supported by substantial evidence in the record, and it cannot be held that the evidence preponderates against the findings entered by the trial court in respondent's favor.

The judgment appealed from is accordingly affirmed.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.